United States District Court
Southern District of Texas

**ENTERED**

October 13, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK JOSEPH NATIONS,<br>SPN #03069388, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-3769 |
| HARRIS COUNTY SHERIFF<br>ED GONZALEZ,[1] | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Mark Joseph Nations (SPN #03069388; TDCJ #2391830), is a state prisoner who is presently confined at the Harris County Jail pursuant to a bench warrant. He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1) to challenge his continued confinement by Harris County. He has also filed an Application to Proceed in District Court Without Prepayment of Fees and Affidavit (Docket Entry No. 2). After considering all of the pleadings and the applicable law, the court will dismiss this action without prejudice for the reasons explained below.

---

[1]The petitioner names State District Judge Christopher Morton as the respondent (Docket Entry No. 1, p. 1). Because the petitioner is confined in the Harris County Jail, Sheriff Ed Gonzalez is substituted as the proper respondent under the rules governing federal habeas corpus review.

## I.  **Background**

Nations is currently in custody at the Harris County Jail pursuant to a bench warrant issued by the 230th District Court for Harris County, Texas, in connection with more than one pending criminal case.[2]  Nations references three pending criminal proceedings in which he has been summoned as a witness for the prosecution: (1) Harris County Case No. 169320301010; (2) Harris County Case No. 169254501010; and (3) Harris County Case No. 169466601010.[3]  Public records from the Harris County District Clerk's Office confirm that the defendants in these cases (Jason Cisneros, Andrew Colson, and Xavier Fletcher) have been charged with murder and are awaiting trial.[4]

Nations insists that he does not wish to testify for the prosecution in any of these pending criminal cases.[5]  He asks this court to intervene and quash the bench warrant that has resulted in

---

[2]Petition, Docket Entry No. 1, pp. 1-2, 6.

[3]Id. at 6-7.

[4]See Office of the Harris County District Clerk, available at: https://www.hcdistrictclerk.com (last visited October 11, 2023). "[A] district court may properly take judicial notice of public state court records." Stiel v. Heritage Numismatic Auctions, Inc., 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam); see also Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

[5]Petition, Docket Entry No. 1, pp. 6-7.

his confinement in the Harris County Jail.[6]

## II. DISCUSSION

The writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973).   To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Public records from the Texas Department of Criminal Justice reflect that Nations is currently serving two three-year prison sentences that were imposed against him in two separate cases from Harris County on May 4, 2022, for tampering with a government document.[7]  These records also show that prison officials recently denied Nations early release from prison on the form of parole known as mandatory supervision for the following reasons:  (1) his criminal history reflects repeated criminal episodes, indicating that he has a propensity to commit criminal acts upon release; (2) his record indicates excessive drug and alcohol use; (3) his

---

[6]Id. at 7.

[7]See Texas Department of Criminal Justice - Offender Information, available at: https://inmate.tdcj.texas.gov (last visited Oct. 12, 2023).

-3-

accrued good time credit is not a reflection of his potential for rehabilitation; and (4) his release would endanger the public.[8] Nations does not allege specific facts showing that his confinement pursuant to the bench warrant from Harris County violates the Constitution and he does not show that he is entitled to release from custody.[9]

To the extent that Nations asks this court to intervene and quash a bench warrant issued by the presiding judge in three ongoing criminal cases, principles of comity and federalism counsel against granting habeas relief in connection with a criminal case that is pending trial in state court or issuing injunctive and declaratory relief concerning an ongoing state court criminal proceeding. See Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977). Likewise, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. See 28 U.S.C. § 1361; Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)(per curiam).

A federal district court may not intervene in criminal proceedings that are pending in state court unless exceptional circumstances are present. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971). Abstention is required under the Younger doctrine

---

[8]Id.

[9]Petition, Docket Entry No. 1, pp. 6-7.

when "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Bice v. Louisiana Public Defender Board,</u> 677 F.3d 712, 716 (5th Cir. 2012) (citation and internal quotation marks omitted). The court concludes that abstention is required because all three of the <u>Younger</u> criteria are satisfied. Under these circumstances, the Petition will be dismissed without prejudice for lack of jurisdiction.

### III.   **Certificate of Appealability**

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120 S. Ct. at 1604. Because reasonable jurists would not

debate whether the petitioner has established the requisite jurisdiction, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Mark Joseph Nations (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2.   The petitioner's Application to Proceed in District Court Without Prepayment of Fees and Affidavit (Docket Entry No. 2) is **GRANTED**.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 13th day of October, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE